# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:16-CR-00230-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CARL LEE FERRELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the pro se Defendant's motion to reduce his sentence pursuant to Sections 402 and 404 of the First Step Act of 2018 (Doc No. 50). For reasons explained below, Defendant is ineligible for relief under those sections, so his motion is denied.

On August 3, 2010, Congress enacted the Fair Sentencing Act, which was created "[t]o restore fairness to Federal cocaine sentencing." Pub. L. 111-220 (2010). Relevant here, Section 2 of the Fair Sentencing Act "reduce[d] the sentencing disparity between crack cocaine offenses and powder cocaine offenses by lowering the crack-to-powder ratio from 100-to-1 to 18-to-1." United States v. Black, 737 F.3d 280, 282 (4th Cir. 2013). "Additionally, the Fair Sentencing Act eliminated the mandatory minimum sentence for 'simple possession' of cocaine base." United States v. Wirsing, 943 F.3d 175, 178 (4th Cir. 2019), as amended (Nov. 21, 2019).

Initially, "those defendants who were sentenced before August 3, 2010 and whose applicable Guideline range was not lowered by one of the Guidelines amendments continued to have no way to access the benefits of the Fair Sentencing Act." Id. at 179. This is despite the fact that "excluded individuals . . . almost certainly would have faced a different sentence if they had been charged, convicted and sentenced after the Fair Sentencing Act." Id. To remedy this, on December 21, 2018, Congress enacted the First Step Act, which provides that the "court that

imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if . . . the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. 115-391, § 404(b) (2018). The Act further clarifies that a "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a) (emphasis added). Finally, the Act emphatically states that "no court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." Id. § 404(c); see Wirsing, 943 F.3d at 186 (recognizing that defendants are broadly eligible for relief unless "excluded pursuant to the express limitations in Section 404(c)").

Here, Defendant was sentenced on September 21, 2016—well-after Sections 2 and 3 of the Fair Sentencing Act were enacted. (Doc. No. 46). Defendant is therefore ineligible for a sentence reduction under Section 404 of the First Step Act. See, e.g., United States v. Shakellwood, No. 7:16-CR-63, 2019 WL 5814942, at *2 (E.D.N.C. Nov. 6, 2019).

Defendant also argues he qualifies for a reduction under Section 402, which amended the safety valve provisions of 18 U.S.C. § 3553(f). But by its terms, that amendment applies "only to a conviction entered on or after the date of enactment of [the] Act," i.e., on or after December 21, 2018. Pub. L. 115-391, § 402. Defendant's conviction preceded enactment, so he cannot benefit from the amendment. See, e.g., United States v. Vargas, 781 F. App'x 815, 821 (11th Cir. 2019), cert. denied, 2020 WL 129689 (Jan. 13, 2020).

Finally, Defendant reports he has taken several steps to improve himself, including taking several courses, maintaining steady employment, and mentoring new inmates. While those efforts

alone cannot render Defendant eligible for relief under the Act, the Court applauds them nonetheless and recommends that Defendant continue to improve himself for his eventual release.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce his sentence pursuant to the First Step Act of 2018 (Doc No. 50) is **DENIED.**

Signed: March 12, 2020

Max O. Cogburn Jr
United States District Judge